UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NATIONAL CASUALTY COMPANY,

                       Plaintiff,

            -against-                                   **REPORT AND**
                                                              **RECOMMENDATION**
RUNWAY TOWING CORP. and                      19 CV 5091 (DG) (CLP)
DEVON PRIVOTT

                       Defendants.
-----------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

On September 6, 2019, plaintiff National Casualty Company ("plaintiff" or "National Casualty") commenced this Declaratory Judgment action against Runway Towing Corp. ("Runway Towing") and Devon Privott ("Privott"), seeking a declaration that plaintiff has no obligation to defend or indemnify under certain insurance policies issued by National Casualty. (See Compl.[1]).

On April 27, 2021, plaintiff moved for entry of a default judgment against Privott, asking this Court to declare that plaintiff has no obligation to defend or indemnify Privott in an action filed in Queens County Supreme Court, captioned Syed Shah et al. v. Runway Towing Corp. et al., Index No. 716126/2018 ("Shah Action"). (Schapp Decl.[2] ¶ 5). The responding parties, plaintiff and Runway Towing, notified this Court on September 27, 2021, that, upon resolution of the default judgment motion, the case against defendant Runway Towing would be dismissed by stipulation with prejudice. (See ECF No. 22).

---

[1] Citations to "Compl." refer to the amended Complaint, filed September 6, 2019, ECF No. 1.
[2] Citations to "Schapp Decl." refer to the Declaration of Jonathan Schapp, dated April 27, 2021, ECF No. 20-1.

1

Plaintiff and Runway Towing consented to this Court's jurisdiction over all proceedings in this case, including entry of final judgment and all post-trial proceedings. (See Consent Mot., ECF No. 19). Although there is some case law indicating that a magistrate judge may enter a default judgment against a defendant who was properly served but failed to appear, see, e.g., Baker v. Socialist People's Libyan Arab Jamahirya, 810 F. Supp. 2d 90, 99 (D.D.C. 2011), at least one court in this Circuit has held that "a magistrate judge cannot enter default judgment against a party absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment." Ideavillage Prod. Corp. v. Antiker, No. 20 CV 04681, 2021 WL 1987382, at *2 (S.D.N.Y. May 17, 2021). Accordingly, in an abundance of caution, this Court issues this Report and Recommendation to the Honorable District Judge Diane Gujarati who was previously the district judge assigned to this case.

For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be granted, and a default judgment entered against Privott.

## FACTUAL BACKGROND

Plaintiff National Casualty states that it is an insurance company incorporated in Wisconsin with its principal place of business located in Arizona. (Compl. ¶ 2). Defendant Runway Towing is a New York corporation, with its principal place of business located in the County of Queens. (Id. ¶ 3). Defendant Privott is a resident of Queens, New York. (Id. ¶ 4).

According to the Complaint, plaintiff issued a commercial auto insurance policy to Runway Towing for the period of May 13, 2017 to May 13, 2018 under policy number CT01403773 (the "Policy"). (Id. ¶ 8). Both defendants, Runway Towing and Privott, are insured under the Policy. (Id. ¶¶ 10-11). The Policy covers only injuries "caused by an 'accident'" if the accident "result[ed] from the ownership, maintenance or use of a covered

'auto.'" (Id. ¶ 9 (quoting Section II.A of the Policy)). An "auto" is defined as a "land motor vehicle." (Id. (quoting Section VI.B of the Policy)).

On December 17, 2018, Syed Shah commenced an action in Supreme Court, Queens County, against Runway Towing and defendant Privott, among others, alleging that on December 5, 2017, he suffered personal injuries in an accident that occurred while Privott was towing an illegally parked car. (Id. ¶ 13; see State Compl.[3] ¶¶ 35-36, 38, 51). Shah alleges that Privott collided into him, causing him to fall to the ground, where he was then struck by one of the other defendants named in the Shah Action. (State Compl. ¶¶ 35-37). In addition to alleging negligence on the part of Privott (see id. ¶¶ 109-20), Shah asserts claims of negligence and negligent entrustment against Runway Towing (see id. ¶¶ 54-67, 159-77), claiming that the accident occurred while Privott was towing the vehicle "in the course of performing his job" for Runway Towing. (Id. ¶ 36).

In this federal Declaratory Judgment action, the Complaint alleges that there is a "surveillance video" that shows that Mr. Shah was not hit by Runway Towing's vehicle because the Runway Towing vehicle was not moving, and Privott, the driver, was outside of the vehicle when Shah was struck. Instead, plaintiff National Casualty argues that the video shows that Privott actually pushed Shah to the ground. (Compl. ¶¶ 20-22). Based on what the video shows, National Casualty argues it has no "obligation to defend or indemnify defendants" in the underlying action because "it is conclusively established that the accident did not arise out of the ownership, maintenance, or use of a covered 'auto.'" (Id. ¶ 24).

---

[3] Citations to "State Compl." refer to the underlying state court complaint, attached as Exhibit A to the default motion filed April 27, 2021, ECF No. 20-2.

PROCEDURAL BACKGROUND

Following the filing of the federal Complaint on September 9, 2019, the Summons and Complaint were "served on Privott on September 23, 2019 by personal service on Privott's co-worker Joy 'Doe,' (refused to give last name) at 23 Bowery Bay Blvd., Flushing, NY 1137[1]." (Schapp Decl. ¶ 18). Additionally, defendant Privott was served with a copy of the Summons and Complaint by first class mail, addressed to "Devon Privott c/o Avis Rent-a-Car" at 25 Bowery Bay Blvd., Flushing, NY 11371. (Id.) When defendant failed to file an answer or otherwise respond within the required time period, the Clerk of Court entered a Certificate of Default against Privott on October 28, 2019.[4] (See ECF No. 8).

DISCUSSION

A. Service

A default judgment may not be granted "if the defendant has not been effectively served with process." Doe v. Alsaud, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014). Plaintiff has the burden of showing adequate service. Id. Adequate service is determined by Federal Rule of Civil Procedure 4(e), which allows for service in accordance with state law. See Fed. R. Civ. P. 4(e)(1). New York state law permits service to be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons . . . to the person to be served at his or her actual place of business" or to the person's last known residence. N.Y. C.P.L.R. § 308.2. The mailing must take place within 20 days of delivery. Id.

All that is required of service under Section 308.2 is that process be served on a person of suitable age and discretion at the actual place of business "regardless of whether or not that

---

[4] The Clerk of Court also entered a default against Runway Towing, but Runway Towing later entered the action upon consent. (See ECF No. 9).

4

person is an employee or is otherwise officially authorized to accept service on behalf of the defendant." Dantzig v. County of Westchester, No. 19 CV 8811, 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business." Warshun v. New York Cmty. Bancorp, Inc., 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (citation omitted).

A person is of suitable age and discretion if they are "of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." Entertainment by J&J, Inc. v. Las Hermanas Restaurant, Inc., No. 02 CV 1119, 2006 WL 3711565, at *2 (S.D.N.Y. Dec. 14, 2006). "An adult co-worker can satisfy these requirements; it makes no difference if the individual refuses to give his name or gives a false one." Maldonado v. Arcadia Bus. Corp., No. 14 CV 4129, 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015); see also Miranda v. Astoria Provisions, LLC, No. 19 CV 2923, 2020 WL 5810160, at *1 (E.D.N.Y. Sept. 30, 2020) (collecting cases where co-worker not identified by full name).

As stated previously, Privott was served through personal service on a co-worker at Avis Rent-a-Car on September 23, 2019 and via first-class mail to the same Avis location on September 24, 2019.[5]  (See Schapp Decl. ¶ 18; ECF No. 20-7; ECF No. 6). The Affidavit of service avers that the co-worker, Joy "Doe" is 45 years old. (ECF No. 20-7). The Affidavit further states that the Avis Rent-a-Car location is "respondent's place of Work within the State

---

[5] The Court notes that, if the personal service on Privott's co-worker at Avis Rent-a-Car was proper, then the mailing was also proper as it was completed within 20 days of the personal service. See N.Y. C.P.L.R. § 308.2.

5

of New York." (Id.)  A properly executed affidavit, like the one executed in this case, "is prima facie evidence of proper service." San Lim v. MTA Bus Co., 190 A.D.3d 493, 493, 140 N.Y.S.3d 213, 214 (1st Dep't 2021).  Thus, because Privott worked at Avis Rent-a-Car, as evidenced by the Affidavit and the fact that Joy "Doe" is identified as a co-worker, and Joy "Doe" is an adult coworker, meeting the requirement of a person of suitable age and discretion, this Court recommends a finding that service was proper in this case.[6]

B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.  See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").  Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment.  See Fed. R. Civ. P. 55(b).  The Clerk of the Court entered a default against Privott on October 28, 2019.  To date, Privott has not moved to vacate the entry of default.  See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion" of default judgment).

---

[6] The Court notes that Privott was personally served at Avis Rent-A-Car in the underlying state court action and subsequently appeared in that action.  (See ECF No. 20-8); Syed Shah et al. v. Runway Towing Corp. et al., Index No. 716126/2018 (Queens Sup. Ct. 2019).  Privott has been active in that litigation, filing papers as recently as September 8, 2021 and appearing for a deposition on October 26, 2020.  See Syed Shah et al. v. Runway Towing Corp. et al., Index No. 716126/2018, Doc Nos. 192, 198, 201, 226.  Thus, it is unclear why Privott has not appeared or responded in this action.

Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. "Accordingly, plaintiffs are not entitled to a default judgment as a matter of right simply because a party is in default." UFCW Loc. 50 Pension Fund v. G & W Food Prod., Inc., No. 20 CV 4751, 2021 WL 3934139, at *3 (E.D.N.Y. Aug. 17, 2021), report and recommendation adopted, 2021 WL 3931351 (E.D.N.Y. Sept. 2, 2021).

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including (1) whether the grounds for default are clearly established; (2) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant on notice, see Fed. R. Civ. P. 54(c) (stating: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); and (3) the amount of money potentially involved – the more money involved, the less justification for entering the default judgment. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2. Additionally, the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay

7

involved, and whether the default judgment might have a harsh effect on the defendant. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Importantly, when a default is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989)); Deshmukh v. Cook, 630 F. Supp. 956, 959-60 (S.D.N.Y. 1986). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Northfield Ins. Co. v. ABC Constr. & Home Improvement, Inc., No. 19 CV 195, 2020 WL 2616306, at *4 (E.D.N.Y. May 4, 2020), report and recommendation adopted, 2020 WL 2616214 (E.D.N.Y. May 22, 2020) (citations and quotations omitted).

C.  Result of Default Judgment

Although a plaintiff is entitled to "all reasonable inferences from the evidence offered," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65, the plaintiff must still prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. "In addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default." Western Heritage Ins. Co. v. Jacobs Dev. Corp., No. 12 CV 5718, 2014 WL 297792, at *4 (E.D.N.Y. Jan. 27, 2014). The Second Circuit has held that when a declaratory judgment will serve a useful purpose in clarifying the legal relationships at issue or when it will terminate and afford relief from the "uncertainty, insecurity and controversy" underlying the

8

proceedings, then a declaratory judgment is appropriate. See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005); Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969); see also Government Employees Ins. Co. v. Infinity Health Prods., Ltd., No. 10 CV 5611, 2012 WL 1427796, at *4 (E.D.N.Y. 2012).

In this case, plaintiff does not seek damages but rather seeks declaratory relief, arguing that a declaratory judgment is appropriate here because "the evidence establishes that the underlying plaintiff was not hit by Runway's vehicle and that Privott was not even operating the vehicle at the time of the incident." (Pl.'s Mem.[7] at 2). Therefore, National Casualty contends that it has "no obligation to defend or indemnify [Privott] against any and all claims alleged against them in the underlying action" and may withdraw from his defense. (Id.) Here, given the nature of the plaintiff's claims, if plaintiff has established its entitlement to relief under the Complaint, the Court finds that a declaratory judgment will serve a useful purpose in settling the legal relationships at issue. See Northfield Ins. Co. v. ABC Constr. & Home Improvement, Inc., 2020 WL 2616306, at *1 (finding declaratory judgment appropriate in duty to defend case).

D. National Casualty's Duty to Defend[8]

To determine whether there is a duty to defend, "a court will ordinarily compare the allegations of the complaint [in the underlying personal injury action] to the insurance policy's terms." Id. at *4 (citations and quotations omitted). If the "provisions are clear and unambiguous, courts are to enforce them as written." Village of Sylvan Beach, New York v.

---

[7] Citations to "Pl.'s Mem." refer to plaintiff's memorandum of law in support of motion for default judgment against defendant Devon Privott, filed April 27, 2021, ECF No. 20-10.

[8] Although plaintiff also claims that it is entitled to default judgment regarding whether it is required to indemnify Privott, "the duty to defend is broader than the duty to indemnify, and it stands to reason, then, if there is no duty to defend, there can be no duty to indemnify." Century Sur. Co. v. Euro-Paul Constr. Corp., No. 16 CV 5133, 2017 WL 9511076, at *5 (E.D.N.Y. Aug. 21, 2017), report and recommendation adopted, 2017 WL 4338790 (E.D.N.Y. Sept. 29, 2017). Since this Court is recommending a finding that there is no duty to defend, there would be no duty to indemnify.

9

Travelers Indem. Co., 55 F.3d 114, 115 (2d Cir. 1995).  At the same time, if the complaint alleges an action "within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be, there is a duty to defend."  Northfield Ins. Co. v. ABC Constr. & Home Improvement, Inc., 2020 WL 2616306, at *4.

The express terms of the Policy at issue state that plaintiff has "no duty to defend" a suit if the suit does not allege "damages because of 'bodily injury' or 'property damage' . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." (Pl.'s Mem. at 3 (quoting Section II of the Policy)).  There appears to be no dispute between National Casualty and Runway Towing that Privott was employed by Runway Towing, that the incident occurred while Privott was working for Runway Towing, and that the auto allegedly involved was a "covered" vehicle.  (See id. at 1, 5 (noting that the "policy provides coverage to Privott" and that he was "outside of" Runway Towing's vehicle)).  National Casualty also concedes that Runway Towing is qualified as "an insured" under the Policy, and that Privott was covered by the Policy while using a covered auto.  (Id. at 4).  The only question is whether the alleged accident "result[ed] from the ownership, maintenance, or use" of the Runway Towing vehicle.  (Id. at 2).

Although plaintiff does not provide any definition for "ownership, maintenance, or use" of a covered auto, courts look to "whether the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produces the injury rather than merely contributes to cause the condition which produces the injury" to determine "whether an accident arose out of the use of a motor vehicle."  Nationwide Mut. Fire Ins. Co. v. Oster, 193 A.D.3d 951, 955, 147 N.Y.S.3d 97, 102 (2d Dep't 2021) (citations omitted).  Further, "negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury[;]" in other words, "the use of the

10

motor vehicle must be closely related to the injury." Encompass Indem. Co. v. Rich, 131 A.D.3d 476, 477, 14 N.Y.S.3d 491, 493 (2d Dep't 2015).

The Shah Action alleges only that "in the course of performing his job for Defendant RUNWAY by towing the Towed Vehicle, Defendant PRIVOTT caused Plaintiff SHAH to fall to the ground." (State Compl. ¶ 36). It further alleges that Mr. Shah "fell to the ground after Defendant PRIVOTT collided into" him "while performing the aforementioned tow." (Id. ¶ 38). These allegations do not state that it was the vehicle Privott was using to tow the car that produced Mr. Shah's injuries. Instead, National Casualty asserts, based on the video, that the Runway Towing vehicle only "contribute[d] to cause the condition" which produced Mr. Shah's injury because Privott was in the parking lot towing an unrelated vehicle and therefore in a position to get into an altercation with Mr. Shah. (See Compl. ¶ 21; Pl.'s Mem. at 7).

New York courts have found that similar insurance policies which cover accidents arising from "the use or operation" of a covered vehicle do not cover injuries suffered as a result of events that arguably would not have occurred absent the covered vehicle because the vehicle itself did not cause the injury. See Zaccari v. Progressive Nw. Ins. Co., 35 A.D.3d 597, 600, 827 N.Y.S.2d 204, 207 (2d Dep't 2006) (finding no duty to defend when plaintiff's injuries were caused during the course of rescuing the driver from the crash scene rather than by the car itself); cf. Republic Long Island, Inc. v. Andrew J. Vanacore, Inc., 29 A.D.3d 665, 666, 815 N.Y.S.2d 163, 164 (2d Dep't 2006) (finding no duty to defend when plaintiff was injured falling in an area where the snowplow had recently plowed, but his injuries were not caused by the snowplow itself). Here, while it is true that the incident resulting in Mr. Shah's injuries would not have occurred if Privott had not been present to tow the car with Runway Towing's covered vehicle, National Casualty alleges that the injuries were not caused by the covered vehicle but rather by

11

an altercation between Privott and Shah. Assuming that National Casualty's allegations are true, as this Court must for the purposes of a default judgment motion, such an alleged "contribution" is insufficient to find that the incident arose from the use of the automobile absent any allegations that "the vehicle itself" was the source of Mr. Shah's injuries. Nationwide Mut. Fire Ins. Co. v. Oster, 147 N.Y.S.3d at 102.

In Rinaldi v. Wakmal, the Second Department interpreted an identical provision in a defendant's automobile insurance policy. 183 A.D.3d 652, 653, 123 N.Y.S.3d 156, 159 (2d Dep't 2020). The court found that "the incident at issue, a physical altercation which occurred after [plaintiff and defendant] had left their respective vehicles, did not arise from the ownership, maintenance, or use of the covered vehicle." Id. Although the allegations in the underlying state court action here are vague and could be interpreted to allege that Privott somehow hit Mr. Shah with the covered automobile, National Casualty's allegations in this federal action, which must be taken as true in a motion for default judgment, state that Privott was outside of the car when the incident occurred, and the alleged "collision" was caused when Privott personally shoved Shah. (See Compl. ¶¶ 20-22; Schapp Decl. ¶ 15). Based on National Casualty's Complaint, the injuries suffered by Mr. Shah did not arise from the ownership, maintenance, or use of the vehicle, but rather were caused during an altercation between Mr. Shah and Privott.

Further, this is not a case where Privott's actions are "within the scope of the risks" assumed by plaintiff when insuring Runway Towing and Privott. Northfield Ins. Co. v. ABC Constr. & Home Improvement, Inc., 2020 WL 2616306, at *4. There must be "some causal relationship between the injury and the risk for which coverage is provided." The Charter Oak Fire Ins. Co. v. New York Marine and Gen. Ins. Co., No. 20 CV 2911, 2021 WL 4084404, at *4 (S.D.N.Y. Sept. 8, 2021) (citation omitted) (finding allegations within the zone of risk where

12

policy covered ownership, maintenance, or use of building and plaintiff fell due to tree well guard); see Farm Fam. Cas. Ins. Co. v. Henderson, 179 A.D.3d 1193, 1195, 116 N.Y.S.3d 771, 775 (3d Dep't 2020) (finding duty to defend for automobile insurer where accident arose while operating "winch" on flatbed truck).  Here, the causal connection is tenuous at best.  Although Privott was only in the parking lot because he was allegedly towing an illegally parked car, Mr. Shah does not allege that the altercation between the two involved the towing or the vehicle in any way.  While National Casualty could have potentially assumed some risk that a third-party would become angry that their car was being towed by a "covered auto," there is nothing in the provided language of the Policy to support such an interpretation and, even if there were, the State Complaint is bereft of any allegations to that effect.

Accepting National Casualty's allegations as true in the context of Privott's default in this action, this Court respectfully recommends a finding that plaintiff has established that the accident that is the subject of the underlying state court proceeding was not covered by the Policy and therefore, plaintiff has no duty to defend or indemnify under the Policy.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for default judgment be granted and that the Court enter a declaratory judgment against defendant Privott, finding that plaintiff is not obligated to defend or indemnify Privott in the Shah Action.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: October 19, 2021
       Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York